Scott, J.
In all civil cases, where no presumption of law, or prima facie right, operates in favor of either party, a mere preponderance of evidence, on either side, is sufficient to determine the verdict of the jury. 1 Starkie Ev. 451.
But in all cases where a party stands charged with a crime or offense, his innocence is presumed, and the burden of proof is upon the prosecutor, unless a different rule has been expressly provided by statute. United States v. Gooding, 12 Wheat. 460; 1 Greenl. Ev., secs. 34,35; Cowen & Hills’ Notes to Ph. Ev. 483. And the elementary writers on the subject of evidence, seem all to agree in saying, that this presumption *435 of innocence can only be'overcome by full proof of guilt, such as excludes all reasonable doubt.
The law upon this subject, is thus stated by Mr. Starkie: “ Evidence which satisfies the minds of the jury of the truth of the fact in dispute, to the entire exclusion of every reasonable doubt, constitutes full proof of the fact; absolute mathematical or metaphysical certainty is not essential, and in the course of judicial investigations would be unattainable. Even the most direct evidence can produce nothing more than such a high degree of probability, as amounts to moral certainty. From the highest degree, it may decline, by an infinite number off gradations, until it produces in the mind nothing more than a mere preponderance of assent, in favor of the particular fact. The distinction between full proof and mere pre ■ ponderance of evidence is, in its application, very important. In all criminal eases whatsoever, it is essential to a verdict of condemnation, that the guilt of the accused should be fully proved; neither a mere preponderance of evidence, nor any weight of preponderant evidence, is sufficient for the purpose, unless it generate full belief of the fact to the exclusion of all reasonable doubt.” 1 Starkie Ev. 451.
In Phillips’ Law of Evidence, it is said: “ The principal difference to be remarked between civil and criminal cases, with reference to the modes of proof by direct or circumstantial evidence, is, that in the former, where civil rights are ascertained, a less degree of probability may be safely adopted as a ground of judgment than in the latter case, which affects life and liberty. In criminal prosecutions, it has been observed, the circumstantial evidence should be such as to produce nearly the same degree of certainty, as that which arises from direct testimony, and to exclude a rational probability of innocence. Doubtless, the circumstances ought to be of such a nature as not to be reasonably accounted for, on the supposition of the prisoner’s innocence, but perfectly reconcilable with the supposition of his guilt.” 1 Phil. Ev. 166, 167.
The subject is also discussed, and the same rule laid down by Mr. Greenleaf. He says: “ In civil cases, it is the duty of *436 the jury to weigh the evidence carefully, and to find for the party in whose favor the evidence preponderates, although it be not free from reasonable doubt., But in criminal trials, the party accused is entitled to the benefit of the legal presumption in favor of innocence, which, in doubtful cases, is always sufficient to turn the scale in his favor. It is, therefore, a rule of criminal law, that the guilt of the accused must be fully proved,” etc. 3 Grreenl. Ev., sec. 29. He cites also, with approbation, the humane rule given by Sir Matthew Hale, in 2 P. C. 290. “ Tutius semper est errare in acquietando, quam in puniendo, ex parte misericordice, quam ex pccrte justitice.”
This distinction between civil and criminal trials, in regard to the requisite measure or degree of proof, has, beyond question, always been maintained in this state, in capital cases.
In the case of The State v. Turner (Wright’s Rep. 21), this rule of law was said to be adopted in favor of life, and that it is applicable only in capital cases. But in thus limiting the rule, the court was clearly not sustained by the authorities, and that decision has not been followed in this state.
In commenting upon the ruling in this case, it is said by Mr. Wharton in his American Criminal Law, p. 330: “ It can not be doubted, however, that, in making such a distinction, the learned judge was in error. Doubts as to a defendant’s guilt, are to weigh in his favor, because the law presumes him innocent, until he is shown to be guilty; and if such a presumption exists at all, it exists in every case alike.”
However important it may be to secure the conviction of the guilty, yet a humane and just policy regards the acquittal of the innocent as still more desirable. If the rule is to be applied in cases only involving a certain grade of crime, where shall the line be drawn ? And upon what principle shall the distinction be justified? If convictions be permitted upon a bare preponderance of proof, then, according to the doctrine of probabilities, we might expect to find a bare majority of *437 such convictions, to be cases of actual guilt. The protection of the innocent demands more than this.
We think the instructions asked for, upon this subject, by the plaintiff in error, should have been given to the jury, and that the court erred in charging otherwise.
Judgment reserved, and case remanded.
Sutliej?, C.J., and Peck, Gholson and Brinicerhoee, J J., concurred.